# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:10-CV-P164-M

JAMES R. FOLLOWELL                                                                      PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                      RESPONDENT

## MEMORANDUM OPINION AND SHOW CAUSE ORDER

The petitioner, James R. Followell, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. He paid the five dollar filing fee. The Court will now proceed to review the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will direct Followell to show cause why this action should not be dismissed for failure to exhaust all available state court remedies and for failure to comply with the applicable statute of limitations.

## I.

On or about October 8, 2007, Followell pleaded guilty in Casey Circuit Court to driving under the influence, driving on a suspended license, and failing to yield the right-a-way. He was sentenced to forty-seven days. It is unclear whether he is currently on probation or parole. He states that he believes his "lawyer failed to represent my case by having me enter a guilty plea. By revoking my bond and having me locked back in jail.

He does not indicate that he has challenged the ineffective assistance of his counsel in state court.

## II.

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

[1] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(I) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr 11.42 motion." *Thacker v. Rees*, 841 F.2d 1127 (6th Cir. 1988). Such a motion may be filed anytime "within three years after the judgment final." *See* RCr. 11.42. As such, it appears that Followell has the choice of returning to state court to exhaust his claim. Because there are still avenues of relief available to Followell in state court, it appears that this Court is prohibited from entertaining the present petition. Before dismissing the action on this ground, however, the Court will provide Followell with an opportunity to respond.

Additionally, because Followell's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, it appears that Followell never filed any sort of appeal or collateral attack in state court. Over three years have passed since Followell was convicted and sentenced. Thus, the one-year statute of limitations has long since expired. Furthermore, even if Followell filed an 11.42 motion in state court, it would not revive the statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).

From a review of Followell's petition it appears that he has neither complied with the exhaustion requirement nor met the one-year statute of limitations. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court appears subject to summary dismissal.

Before dismissing the action, however, the Court will provide Followell with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198 (2006). **WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this Order, Followell must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed for failure to exhaust all available state court remedies and/or as barred by the applicable one-year**

**statute of limitations. Followell is WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:


cc: Petitioner, *pro se*
4414.008