UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:10-CV-P164-M

JAMES R. FOLLOWELL                                                            PETITIONER

v.

COMMONWEALTH OF KENTUCKY                               RESPONDENT

**MEMORANDUM OPINION**

       The petitioner, James R. Followell, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. The Court reviewed his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court then directed Followell to show cause why this action should not be dismissed for failure to exhaust all available state court remedies and for failure to comply with the applicable statute of limitations. Followe1l has responded. Upon review, for the reasons set forth below, the Court will dismiss this action.

**I.**

       On or about October 8, 2007, Followell pleaded guilty in Casey Circuit Court to driving under the influence, driving on a suspended license, and failing to yield the right-of-way. He was sentenced to forty-seven days in prison. It is unclear whether he is currently on probation or parole. He states that he believes his "lawyer failed to represent my case by having me enter a guilty plea. By revoking my bond and having me locked back in jail."

       He does not indicate that he has challenged the ineffective assistance of his counsel in state court.

**II.**

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

"Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr 11.42 motion." *Thacker v. Rees*, 841 F.2d 1127 (6th Cir. 1988). Such a motion may be filed anytime "within three years after the judgment final." *See* RCr. 11.42. As such, it appears that Followell has the choice of returning to state court to exhaust his claim. Because there are still avenues of relief available to Followell in state court, it appears that this Court is prohibited from entertaining the present petition.

2

In response to the Court's Show Cause Order, Followell submitted papers concerning a bar complaint he filed against the attorney that represented him in the underlying criminal action. A bar complaint against an attorney is not the proper way to exhaust an ineffective-assistance-of-counsel claim. As stated above, to exhaust such a claim Followell had to file a motion with the criminal trial court under RCr 11.42. He has presented no evidence that he has done so. As such, he has failed to meet his burden of proving exhaustion.

. Additionally, because Followell's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, it appears that Followell never filed any sort of appeal or collateral attack in state court. Over three years have passed since Followell was convicted and sentenced. Thus, the one-year statute of limitations has long since expired. Furthermore, even if Followell filed an 11.42 motion in state court, it would not revive the statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).

From a review of Followell's petition it appears that he has neither complied with the exhaustion requirement nor met the one-year statute of limitations. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus must be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

In the event that Followell appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a

4

plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.*

This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order that is consistent with this Memorandum Opinion.

Date:


cc: Petitioner, *pro se*
4414.008